Case 4:13-cv-00047-A Document 15 Filed 03/26/13 Page 1 of 9 PageID 62

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 26 2013
CLERK, U.S. DISTRICT C
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILIP G. HANSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-047-A |
| | § | |
| WARDEN TAMEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action is before the court on the filing of an initial complaint by plaintiff, Philip G. Hanson, a federal prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>.[1] The exact identities of the defendants are unclear: the first page of the complaint includes three address paragraphs, with the word "To:" followed by, in different paragraphs, United States Department of Justice/Federal Bureau of Prisons; Warden Rebecca Tamez, Federal Correctional Institution-Fort Worth ("FCI-Fort Worth"); and the Honorable Jimm Larry Hendren, United States District Judge, Fayetteville, Arkansas. Also on the first page, the complaint states that "Part 1" is an "official complaint against Ft. Worth FCI; multiple counts." Compl. at 1. The complaint also

---

[1] Plaintiff filed his complaint on August 3, 2012, in the United States District Court for the Western District of Arkansas. That court transferred the complaint to the Northern District of Texas on January 22, 2013.

indicates that "Part 2" is a Freedom of Information Act ("FOIA") request "of Ft. Worth FCI." Id.

The body of the complaint includes allegations against a physician's assistant named Gomez, a staff psychologist named Dr. Robert Johnson ("Johnson"), and Grace Ferguson ("Ferguson"), alleged to be the medical staff director.

I.

Allegations in the Complaint

Complaint A[2] alleges that plaintiff was sexually assaulted by Gomez sometime between November 30, 2011, and February 1, 2012. Specifically, plaintiff alleged that:

> Abuse took place during physical examination, specifically rectal examination; as Gomez inserted his thumb in Hanson's rear and asked, "How does that feel?"

Compl. at 2.

Complaint B states that plaintiff was denied needed medical care during his incarceration at FCI-Fort Worth. Specifically, plaintiff contends that he requested help for his left hand, that he now knows has carpel tunnel nerve damage.

Complaint C alleges that Johnson, "either by omission or commission, neglected to document information beneficial to [plaintiff] in a report" dated around January 23, 2012.

---

[2]Part one of the complaint is divided into four sections, titled Complaint A, Complaint B, Complaint C, and Complaint D.

2

As to Complaint D, plaintiff contends that Ferguson has refused plaintiff's request that she provide him with the credentials of the medical staff and the name of the supervising board to which the medical staff report.

Part 2 of the complaint is titled a "Freedom of Information request." Id. at 4. Under part 2 plaintiff provides several pages listing documents and information he is seeking from Tamez and FCI-Fort Worth pertaining to plaintiff's incarceration there.

II.

Applicable Legal Principles

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether the prisoner has paid the full filing fee or is proceeding in forma pauperis. Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the

3

speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted). Having considered all of the allegations in the complaint, the court is satisfied that it fails to state a claim upon which relief may be granted, and must be dismissed.

III.

Analysis

A.  <u>Claims Against Gomez</u>

All that plaintiff has alleged against Gomez in Complaint A is that Gomez asked plaintiff a question during what plaintiff acknowledges was a physical examination that included a rectal examination. There is no allegation that Gomez said or did anything to plaintiff outside the context of the medical examination. Although plaintiff apparently takes offense at Gomez's question, "How does that feel?," the court finds nothing suspicious or abusive about medical staff making such an inquiry during the course of a medical procedure. Plaintiff has alleged nothing as would suggest any physical or sexual abuse of any kind by Gomez.

B.  <u>Claim of Inadequate Medical Care</u>

Complaint B alleges denial of needed medical care. Inadequate medical treatment can constitute cruel and unusual punishment if the actions of the defendants exhibit deliberate

4

indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, "[d]eliberate indifference is an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious bodily harm and disregards that risk by failing to take measures to abate it. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Unsuccessful medical treatment, negligence, neglect, and medical malpractice do not constitute deliberate indifference. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

Here, plaintiff makes only the conclusory assertion that he requested help for his left hand. There is no allegation that any prison official knew plaintiff faced a substantial risk of serious bodily harm and disregarded it. Nor is it even alleged that prison officials deliberately ignored or failed to respond to plaintiff's requests.[3] Thus, Complaint B fails to state a claim for relief.

---

[3] Elsewhere in the complaint plaintiff alleges that he was incarcerated at FCI-Fort Worth from about November 30, 2011, through February 1, 2012--a period of approximately two months. It is entirely possible that two months was insufficient time for anything to be done by prison officials about a non-life-threatening medical complaint.

5

Complaint B does not identify a specific individual defendant. To the extent plaintiff directs this claim towards Tamez, he fails to state a claim for relief, as he has alleged no facts to show she was in any way involved in decisions pertaining to plaintiff's medical care. To the extent plaintiff directed Complaint B to FCI-Fort Worth, that entity is not a proper party for such a claim. A claim of inadequate medical care that is not alleged against an individual defendant is actionable, if at all, only as a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. Whitley v. Hunt, 158 F.3d 882, 885 (5th Cir. 1998), abrogated on other grounds, Booth v. Churner, 532 U.S. 731 (2001). "All suits brought under the FTCA must be brought against the United States." Atorie Air, Inc. v. Fed. Aviation Admin., 942 F.2d 954, 957 (5th Cir. 1991).

The FTCA provides that

> [a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

28 U.S.C. § 2675(a). A plaintiff's failure to present an administrative claim to the appropriate agency is a defect that deprives the district court of subject matter jurisdiction over the case. Gregory v. Mitchell, 634 F.2d 199, 203-204 (5th Cir.

6

1981) (citing <u>Molinar v. United States</u>, 515 F.2d 246 (5th Cir. 1975)). The requirement to file an administrative claim prior to filing suit can neither be waived nor cured by administrative exhaustion after suit has been filed. <u>McNeil v. United States</u>, 508 U.S. 106 (1993); <u>Price v. United States</u>, 69 F.3d 46, 54 (5th Cir. 1995).

Here, not only has plaintiff failed to name United States as a party, he has provided the court with nothing to show that he has exhausted administrative remedies as required prior to bringing a claim under the FTCA. Dismissal of Complaint B is warranted on that basis as well.

C. <u>Claims Against Johnson and Ferguson</u>

Plaintiff's allegation in Complaint C that Johnson neglected to document information beneficial to him, and Complaint D, that Ferguson refused his request for credentials of the medical staff, fail to allege a violation of any constitutional right, and must be dismissed.

D. <u>FOIA Claim</u>

Part 2 of the complaint states that it is a request pursuant to the FOIA, is directed to Tamez, and demands a lengthy list of documents and other information pertaining to plaintiff's period of incarceration at FCI-Fort Worth. This claim also must be

7

dismissed, as plaintiff has failed to allege or show that he has exhausted his FOIA administrative remedies.

FOIA prescribes certain processes and procedures through which individuals can request information from agencies of the United States government. 5 U.S.C. § 552. Requests pursuant to the FOIA must be submitted to the proper federal agency following that agency's established rules. Id. at (a)(3)(A). FOIA also provides administrative remedies, including an appeals process, for individuals seeking information thereunder. Id. at (a)(6)(A)(ii). Both the Bureau of Prisons and the Department of Justice, of which the Bureau of Prisons is a part, have rules pertaining to requests under the FOIA. See 28 C.F.R. §§ 16.40, et seq., 513.60, et seq. The filing of a complaint in federal court is not the proper mechanism for making an initial request under the FOIA. Rather, the Fifth Circuit has held that "a party must present proof of exhaustion of administrative remedies prior to seeking judicial review" of his or her FOIA request. Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979).

Here, plaintiff has presented no proof that he has exhausted administrative remedies prior to initiating this complaint pursuant to FOIA. Instead, it is evident from the pleadings that plaintiff intended the complaint to serve as his initial FOIA request. Because plaintiff has failed to exhaust his

8

administrative remedies as to his FOIA request, that claim must be dismissed as well.[4]

## IV.

### Order

Therefore,

The court ORDERS that the claim of plaintiff, Philip G. Hanson, pursuant to the FOIA be, and is hereby, dismissed without prejudice.

The court further ORDERS that all other claims and causes of action asserted by plaintiff against anyone in the above-captioned action, be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED March 26, 2013.

_____
JOHN McBRYDE
United States District Judge

---

[4]Plaintiff also filed a motion for appointment of counsel, and a motion to add Grace Ferguson as a defendant. As the court is dismissing the complaint in its entirety, any outstanding motions are denied as moot.